## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1997

FILED

November 20, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
    Appellee      )   No. 02C01-9706-CC-00216
                         )
vs.                      )   HENRY COUNTY
                         )
RONALD D. TYLER,         )   Hon. JULIAN P. GUINN, Judge
                         )
    Appellant     )   (Agg. assault; poss. of cocaine
                         )   over .5 grams with intent to sell;
                         )   two counts possession of a
                         )   schedule IV controlled substance;
                         )   possession of marijuana; and
                         )   possession of drug paraphernalia)

For the Appellant:

**Terry J. Leonard**
Attorney at Law
9 North Court Square
P. O. Box 957
Camden, TN 38320

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Kenneth W. Rucker**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Robert "Gus" Radford**
District Attorney General
24th Judicial District
P. O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

The appellant, Ronald D. Tyler, appeals the sentencing decision of the Henry County Circuit Court following entry of guilty pleas to two felony offenses and four class A misdemeanor offenses. These offenses include possession of cocaine over .5 grams with intent to sell, a class B felony, aggravated assault, a class C felony, and the misdemeanor offenses of possession of marijuana, possession of drug paraphernalia, and two counts of possession of a schedule IV controlled substance. Pursuant to a negotiated plea agreement, the appellant received a sentence of eight years for the possession of cocaine conviction, three years for the aggravated assault conviction, and eleven months and twenty-nine days for each of the misdemeanor convictions. The plea agreement provided that all sentences were to run concurrently for an effective eight year sentence. The issue of the manner of service of the sentences was submitted to the trial court for its determination. At the conclusion of the sentencing hearing, the trial court imposed a sentence of split confinement, with six months of continuous confinement in the jail followed by supervised probation for the balance of the eight year term. The appellant now appeals this decision contending that the sentence imposed by the trial court is not in accordance with the principles of the Sentencing Act of 1989. Specifically, he argues for full probation or a sentence of Community Corrections.

The proof at the sentencing hearing established that, following execution of a search warrant at the appellant's residence, he was found to be in possession of 42.2 grams of cocaine. The aggravated assault stems from the appellant's aiming of a nine millimeter pistol "at the team leader or the first [officer] in the door," during the execution of the warrant. At the time of the offenses, the appellant was thirty-four years old, recently divorced, and the father of two minor children. Prior to his arrest, he was employed at the local Farmer's Co-Op. However, at the time of the sentencing hearing, the appellant had been working on his family's farm. He has no

prior criminal history.

The record reflects that, at the sentencing hearing, the trial court properly considered appropriate sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Thus, we afford the trial court's sentencing determination a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). After performing a *de novo* review, applying the presumption of correctness, we conclude that the record fully supports the trial court's determination.

The trial court found that "there is a decided and obvious lack of credibility in the [appellant's] testimony." See, e.g., State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994) (lack of candor sufficient to justify denial of alternative sentence). Moreover, the court remarked that the circumstances leading to these convictions had "all of the professional earmarks of a drug operation, the packaging, the money, and the weapons. . . ." Accordingly, the trial court concluded that

> total suspension would not be in the best interest of the public, . . . this defendant, [and]. . .certainly [not] in the best interest of justice. I again have considered the deterrent effect of someone who willingly and knowingly involves themselves in drug trafficking and consider that in rejecting it in its entirety. I am of the opinion that confinement is necessary to avoid depreciating the seriousness of the offenses in this case.

Moreover, the court correctly noted that, in view of the appellant's conviction for a class B felony, he was not entitled to the presumption favoring alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (1996 Supp.). Notwithstanding, this determination, the trial court nevertheless imposed an alternative sentence of split confinement.

After consideration of the entire record and the controlling law, we conclude that the sentence imposed was tempered with leniency and was clearly justified. Accordingly, the judgment of the trial court is affirmed.

3

_____
DAVID G. HAYES, Judge


CONCUR:



_____
JOHN H. PEAY, Judge



_____
PAUL G. SUMMERS, Judge